# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jason Carl Stelter,

        Plaintiff,

v.

U.S. Bank National Association, as Trustee
for Deutsche Alt-A Securities Mortgage
Loan Trust Series 2007-2; N. Kibongni
Fondungallah; Richard K. Davis; U.S. Bank
National Association; Ernest Calabrese;
Susan Valenti; Deutsche Alt-A Securities,
Inc.; DB Structured Products, Inc.;
Deutsche Alt-A Securities Mortgage Loan
Trust 2007-2; Josef Ackermann; Deutsche
Bank National Trust Company; Deutsche
Bank Trust Company Americas; Douglas K.
Johnson; Ace Securities Corporation;
Amacar Group; John G. Stumpf; Wells
Fargo & Co.; Wells Fargo Bank, N.A., dba
America's Servicing Company; Wells Fargo
Bank, N.A.; Michael Carpenter; GMAC
Financial Services; Margaret Sue Ellis;
Clayton Fixed Income Services, Inc.; John
Does (Participants) 1-10,000; and John Does
(Investors) 1-10,000;

        Defendants.

Civ. No. 10-1341 (ADM/JJG)


REPORT AND RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the Court on May 6, 2010 on Defendant N. Kibongni Fondungallah's Motion for a More Definite Statement (Doc. No. 11). Plaintiff Jason Carl Stelter appeared pro se. Leah Weaver appeared on behalf of Defendant N. Kibongni Fondungallah.

The Court will rule on Defendant Fondungallah's motion in a separate Order. The purpose of this Report and Recommendation is simply to advise the District Court of the

proceedings before this Court and to recommend that an emergency hearing is not warranted on Plaintiff's Motion for Emergency Preliminary Injunction and Temporary Restraining Order to Estop the Defendants from Selling, Transferring, Foreclosing, and/or Otherwise Taking Plaintiff's Real Property (Doc. No. 2).

Plaintiff commenced this action on April 12, 2010, by filing a complaint in federal court. Essentially, he is challenging the mortgage foreclosure and sale of property identified as 21685 Boulder Creek Drive, Lakeville, Minnesota, 55044. On the same day that Plaintiff filed his original complaint, he also filed his motion for an emergency preliminary injunction. Plaintiff's right to redeem the property expires on May 12, 2010.

At the request of the District Court, this Court expedited the hearing on Defendant Fondungallah's Motion for a More Definite Statement so that Plaintiff would have an opportunity to appear in federal court before his right to redeem expired. At that hearing, the Court allowed Plaintiff to talk about his pending motion for a preliminary injunction, but advised Plaintiff that this Court would not be deciding that motion. During the twenty-two minute hearing, Plaintiff explained his theory that Defendants should not be able to divest him of his property without proof that they are actual holders in due course. According to Plaintiff, the only acceptable proof that Defendants are holders in due course is production of the original promissory note and mortgage. When asked why he waited so long to file this case, given that the redemption period ends on May 12, 2010, Plaintiff explained that he did not understand his legal rights and remedies until recently.

Based on Plaintiff's articulated position at the motion hearing, and on the pleadings, motion papers, and other filings in this case, the Court finds that an emergency hearing on

Plaintiff's preliminary injunction motion is not necessary. Plaintiff has received due process with respect to the foreclosure and sale.

The notice of mortgage foreclosure sale was advertised once a week for six weeks, from May 21, 2009 through June 25, 2009. At that time, the amount due on the mortgage was $1,348,220.91. The sale was scheduled for August 13, 2009, and Plaintiff was advised he would have six months after the sale to redeem the property. Plaintiff was personally served with the notice of mortgage foreclosure sale on May 30, 2009. The sale was later postponed to September 29, 2009, and then to November 12, 2009. The required advertisements were placed for each postponement, and the notices were mailed to Plaintiff at the 21685 Boulder Creek Drive address. Plaintiff was warned that unless the mortgage was reinstated or the property redeemed, he would have to vacate the premises by 11:59 p.m. on May 12, 2010. He was also warned that if he did not leave the property by that time, the purchaser of the property could file for eviction in state court. The property was sold at a public auction on November 12, 2009, for $1,406,150.84, to Defendant U.S. Bank National Association, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-2 ("U.S. Bank").

At the May 6, 2010 hearing, Plaintiff claimed he had attempted to redeem the property administratively, but the record does not support this assertion. In March 2010, Plaintiff asked Scott County for the redemption payoff amount. He was told that the amount through April 8, 2010 was $1,456,154.10. This amount included the bid at the foreclosure sale, interest from that date, and post-foreclosure fees. There is no evidence that Plaintiff ever attempted to redeem.

Rather, in late March, Plaintiff contacted U.S. Bank and asked to view the "original wet ink signature" promissory note and mortgage as proof that U.S. Bank actually owned the property. On behalf of U.S. Bank, Defendant Fondungallah sent Plaintiff copies of the note,

mortgage, and assignments, and offered to provide other information pursuant to a formal discovery request. Plaintiff wrote Defendant Fondungallah on March 29, 2010, reiterating his request to view the original documents. Defendant Fondungallah responded that she would not comply with the request until Plaintiff filed a summons and complaint.

To conclude, the record in this case does not reflect an urgent situation warranting an emergency hearing. The next hearing is scheduled for June 21, 2010, before the Honorable Ann D. Montgomery, United States District Judge, on a motion to dismiss filed by Defendants U.S. Bank, Richard K. Davis, John G. Stumpf, Wells Fargo & Co., and Wells Fargo Bank, N.A.

Accordingly, **IT IS HEREBY RECOMMENDED** that an emergency hearing on Plaintiff's Motion for a Preliminary Injunction is not necessary.

Dated: May 10, 2010

*s/ Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 25, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.